UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

**IN RE**

**ZAANA-17 LLC**　　　　　　　　　　　　　　　**Chapter 11**
　　**Debtor**　　　　　　　　　　　　　　　　**Case No.: 20-41170 CJP**

**ORDER GRANTING MOTION TO SELL LOT 6
(23 CHARDONNAY ROAD, PELHAM, NEW HAMPSHIRE)
FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**

Upon consideration of the *Motion to Sell Real Estate Free and Clear of Liens, Claims and Encumbrances* [Doc. No. 192] (the "Motion to Sell Lots"), seeking the entry of an order authorizing and approving (a) the sale of Lot 6 (23 Chardonnay Road, Pelham, New Hampshire) to the Proposed Buyer in the ordinary course of business as provided by 11 U.S.C. § 363 (c) and §363(b) and/or (c) and (f), (h) and (m); and all parties in interest having having had the opportunity to be heard; and no objections to the Motion to Sell Lots having been filed; and the Court having reviewed and considered the Motion to Sell Lots, and upon the record of this Chapter 11 case, and after due deliberation thereon, and good cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**[1]

　　A.　__Jurisdiction.__  The Court has jurisdiction to hear and determine the Motion to Sell Lots and to grant the relief requested in the Motion to Sell Lots pursuant to 28 U.S.C. § 157(b)(1) and 1334(b).

　　B.　__Venue.__  Venue of this Chapter 11 case and the Motion to Sell Lots in this district is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

　　C.　__Statutory Predicates.__  The statutory and legal predicates for the relief requested in the Motion are 11 U.S.C. § 11 U.S.C. § 363 (c ) and § 363(b) and/or (c) and (f), (h) and (m).

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law. *See* Fed. R. Bankr. P. 7052.

D. <u>Notice.</u> As is evidenced by, among other things, the certificate of service [Doc. No. 194], the Motion to Sell Lots and Notice of the Sale Hearing [Doc. No. 193] have been served in accordance with the applicable rules of procedure. Notice of the Motion to Sell Lots, the Sale Hearing, was adequate and sufficient under the circumstances of this Chapter 11 case and these proceedings and complied with the various applicable requirements of the Bankruptcy Code and the Bankruptcy Rules. A reasonable opportunity to object and be heard with respect to the Motion to Sell Lots and the relief requested in the Motion to Sell Lots was afforded to all creditors and parties in interest.

E. <u>Corporate Authority.</u> Subject to the entry of this order, the Debtor has the power and authority necessary to consummate the transactions contemplated by the Purchase and Sale Agreement.

F. <u>Arm's-Length Sale and Proposed Buyer's Good Faith.</u> The Purchase and Sale Agreement was negotiated by the proposed buyer and the Debtor at arm's-length without collusion or fraud, and in good faith within the meaning of section 363(m) of the Bankruptcy Code. As a result, the Proposed Buyer is entitled to the protections of section 363(m) of the Bankruptcy Code.

G. <u>Free and Clear Findings Required by Proposed Buyer.</u> The Proposed Buyer would not have entered into the Purchase and Sale Agreement and would not consummate the Sale if the sale of the Real Property were not free and clear of all liens, claims, encumbrances, and interests (each as defined in the Bankruptcy Code, and hereafter as defined in the Bankruptcy Code) pursuant to Bankruptcy Code section 363(f).

H. <u>Satisfaction of Section 363(f) Standards.</u> The Debtor may sell Lot 6 free and clear of all liens, claims, encumbrances, and interests because, with respect to each creditor asserting a claim or interest, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of claims and interests who did not object to the Motion to Sell Lots and/or the Sale are deemed to have consented to the Motion to Sell Lots and the Sale pursuant to section 363(f)(2).

I. <u>Sale as Exercise of Business Judgment. The entry into the Purchase and Sale Agreement and for the sale at the Purchase Price</u> constitutes the exercise by the Debtor of sound business judgment, and the consummation of the transactions contemplated in the Purchase and Sale Agreement are in the best interests of the Debtor, its estate, and creditors, and all parties in interest.

J. <u>Best Interests.</u> The Court finds that the Debtor has demonstrated good and sufficient business reasons justifying the Sale of Lot 6 because, among other things: (i) the Purchase Price in accordance with the terms of the Purchase and Sale Agreement constitutes the best opportunity to realize the value of the property; and (ii) the Purchase and Sale Agreement and the closing contemplated in the Purchase and Sale Agreement will provide a greater recovery for creditors than would be provided by any other presently available alternative.

**ORDERED, ADJUDGED AND DECREED THAT:**

1. <u>Motion to Sell Lots Granted.</u>  The relief requested in the Motion to Sell Lots is granted.

2. <u>Approval.</u>  11 U.S.C.§ 363, the Purchase and Sale Agreement and the Sale of Lot 6 is approved and the Debtor and the Buyer are each authorized to take any actions necessary or appropriate to: (i) consummate the Sale of the Lot 6 by the Purchaser and the closing of the Sale in accordance with the Purchase and Sale Agreement and this order; and (ii) consummate the Purchase and Sale Agreement together with all additional instruments and documents that may be reasonably necessary or desirable to consummate the Purchase and Sale Agreement.

At the closing upon the sale of Lot 6 the proceeds shall be used to pay Benson Lumber and Hardware, Inc. all non-insider post-petition sums due for goods and services in connection with Lot 6, the Belvidere Release Payment, and then for payment of sums due to the post-petition trade and vendors who provided goods and services for the construction of the home on Lot 6, closing costs including legal fees, costs, real estate taxes and state transfer taxes. The balance of sale proceeds remaining after the aforementioned payments will be held by counsel to the Debtor in a segregated IOLTA pending further order of the Court.

3. <u>Transfer Free and Clear.</u>  Upon the Closing: (a) the Debtor is authorized to consummate and shall be deemed for all purposes to have consummated, the sale, transfer and assignment of all of the Debtor's right, title and interest in Lot 6 to the Purchaser free and clear of (i) any and all liens, including any statutory or other lien, mortgage, pledge, security interest, hypothecation, deed of trust, deemed trust, option, right of use, rights of first offer or first refusal, servitude, encumbrance, adverse possession, charge, prior claim, lease, conditional sale arrangement or, other similar restriction of any kind or consequence; (ii) any and all liabilities, including debts, liabilities and obligations, whether accrued or fixed, direct or indirect, liquidated or unliquidated, absolute or contingent, matured or unmatured, known or unknown or determined or undeterminable, including any tax liability, with such interests to attach to the sale proceeds in the same validity, extent and priority as immediately prior to the Sale, subject to any rights, claims and defenses of the Debtor and other parties in interest; and (iii) any and all claims, including rights or causes of action (whether in law, equity, or admiralty), obligations, demands, restrictions, interests and matters of any kind or nature whatsoever, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity or otherwise (including, without limitation, any claims and encumbrances); and (b) except as otherwise expressly provided in the Purchase and Sale Agreement, all such claims and interests shall not be enforceable against the Purchaser. The Purchaser is not a successor to the Debtor, has not, *de facto* or otherwise, merged with or into the Debtor, is not a continuation or substantial continuation of Debtor or any enterprise of Debtor, does not have common identity of incorporators, directors, or equity holders with the Debtor, and is not holding itself out to the public as a continuation of Debtor.

4. <u>Injunction.</u>  By this order, all persons and entities, including, but not limited to, all governmental, tax and regulatory authorities, lenders, vendors, suppliers, employees, trade creditors, litigation claimants and other persons, holding claims and interests of any kind or nature whatsoever

3

against or in the Debtor's interests in Lot 6 (whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of this Chapter 11 case, whether imposed by agreement, understanding, law, equity or otherwise), including, without limitation, the non-debtor party or arising under or out of, in connection with, or in any way relating to Lot 6 or the transfer of the Debtor's interests in Lot 6 to the Buyer, shall be and hereby are forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing claims and interests against the Buyer or its successors and assigns.

5. Good Faith Purchaser. The Buyer is a good faith buyer of the property known as Lot 6 (as that term is used in Bankruptcy Code § 363(m). The Buyer is entitled to all of the protections afforded by § 363(m) of the Bankruptcy Code.

6. Fair and Equivalent Value. The Purchase Price shall be deemed for all purposes to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law, and the Sale may not be avoided pursuant to the, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, or any other similar state laws.

7. Binding Effect of Order. This order and the Purchase and Sale Agreement shall be binding in all respects upon all creditors and interest holders of the Debtor, all successors and assigns of the Debtor and its affiliates and any examiners, "responsible persons" or other fiduciaries appointed in the Debtor's Chapter 11 case or upon a conversion to chapter 7 under the Bankruptcy Code. If any order under section 1112 of the Bankruptcy Code is entered, such order shall provide (in accordance with sections 105 and 349 of the Bankruptcy Code) that this order and the rights granted to the Buyer hereunder shall remain effective and, notwithstanding such conversion or dismissal, shall remain binding on parties in interest. This order shall be binding in the event of confirmation of a plan of reorganization or liquidation in this case, and no confirmation order may modify the terms of this order or the Purchaser's rights therein.

8. Retention of Jurisdiction. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order, including, without limitation, the authority to: (i) interpret, implement and enforce the terms and provisions of this order and the terms of the Purchase and Sale Agreement; (ii) protect the Purchaser, or the property, from and against any of the claims or interests; and (iv) resolve any disputes arising under or related to the Purchase and Sale Agreement or the Sale.

9. Immediate Effect. This order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding any provision in the Bankruptcy Rules to the contrary, the Court expressly finds there is no reason for delay in the implementation of this order and, accordingly: (i) the terms of this order shall be immediately effective and enforceable upon its entry; (ii) the Debtor is not subject to any stay in the implementation, enforcement or realization of the relief granted in this order; and (iii) the Debtor may, in its discretion and without further delay, take any action and perform any act authorized under this order.

10. Closing. The Closing shall take place and payment of the Purchase Price shall take place following entry of a Final Order of the United States Bankruptcy Court approving the sale and as otherwise extended in writing as set forth in the Purchase and Sale Agreement.

11.    <u>Authority.</u> The Debtor is authorized to execute all documents necessary to consummate the sale.

12.    <u>Provisions Non-Severable.</u> The provisions of this order are non-severable and mutually dependent.

13.    <u>Stay Waived.</u> The 14 day stay in Fed. Rule of Bankruptcy Procedure 6004(h) is hereby waived.

Dated: December 17, 2021

_____
Christopher J. Panos
United States Bankruptcy Judge