UNITED STATES BANKRTUPCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

IN RE:
ZAANA-17, LLC,   Debtor

Chapter 11
Case No. 20-41170-CJP

## OBJECTION OF CREDITOR, SILVA BROS. INVESTMENTS, INC. TO MOTION OF SOUTHERN END REALTY, LLC, BRYAN GORMAN AND KEITH GORMAN FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

NOW COMES, Silva Bros. Investments, and hereby objects to the Motion of Southern End Realty, LLC, Bryan Gorman and Keith Gorman for payment of Administrative Expense Claim Pursuant to 11 U.S. C. 503(b)(1)(A) [Docket No. 215, the "Moton"]. In support thereof, Silva Bros. Investments Inc. respectfully adopts the objections identified by Subchapter V Trustee, Steven Weiss [Docket No. 227] further states as follows:

1. As noted by the Trustee, while the Motion filed by Southern End Realty and Bryan and Keith Gorman, Individually, the invoices attached to the Motion are solely in the name of Southern End Realty. Thus, Bryan and Keith Gorman, individually are not entitled to any payment from the estate.

2. Additionally, there is no question that all of the moving parties are insiders within the meaning of 11 U.S. C. s. 101(31)(b). The moving parties admit that Bryan and Keith Gorman, Frank Gorman's sons, are insiders. While the moving parties do not admit that Southern End Realty is also an insider, Silva Bros. Investments Inc. believes that there is no doubt of Southern End Realty's insider status. Moreover, Silva Bros. Investments Inc. maintains that the costs for alleged services rendered are exorbitant for the alleged work performed.

3. The Debtor is obliged to file monthly operating reports (the "MOR'S) with the U.S. Trustee and Steven Weiss, SubChapter V Trustee, and the MOR's filed by Debtor failed to list-post-petition accounts receivables. At no time during the case has Mr. Gorman listed accounts payable to any of the moving parties and these claims should therefore be disallowed.

4. Furthermore, in reviewing Southern End Realty's MOR's and billings, it reflects payments received by Southern End Realty and payments made directly by the Debtor, one of which is a payment of $31,275 in September 2021. Given the same, a more detailed review of the work done by the moving parties and payments received by them should be reviewed in detail prior to being allowed.

5. Finally, even to the extent that a claim is allowed, payment at this time is premature as this case is administratively insolvent. No payments should be made until the extent of all administrative claims are determined.

WHEREFORE, Silva Bros. Investments, Inc. respectfully pray that:

1. The Moton be denied;
2. To the extent that the motion is not denied, the Court determine the actual amount of the claim;
3. Payment on any allowed claim be deferred pending further orders of this court; and
4. For such further relief as this Court deems just and proper.

Respectfully Submitted,
Silva Bros. Investments, Inc.
By their Attorney,

Dated: March 24, 2022

/s/ George C. Malonis
George C. Malonis, Esquire Bar#549479
George C. Malonis, P.C.
14 Loon Hill Road
Dracut, MA 01826
(978) 453-4500
gcmpc@aol.com

UNITED STATES BANKRTUPCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

IN RE:
ZAANA-17, LLC,   Debtor

Chapter 11
Case No. 20-41170-CJP

CERTIFICATE OF SERVICE

I, George C. Malonis, Attorney for Silva Bros. Investments, Inc. hereby certify that a copy of Silva Bros. Investment Inc.'s Objection to Motion of Southern End Realty, LLC, Bryan Gorman and Keith Gorman for Payment of Administrative Expense Claim was forwarded via ECF to the U.S Trustee, Steven Weiss, SubChapter V Trustee, and all other parties related to this action.

Dated: March 24, 2022

/s/ George C. Malonis
George C. Malonis, Esquire