UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re<br>ZAANA-17, LLC,<br>　　　　Debtor | Chapter 7<br>Case No. 20-41170-CJP |

### SECOND MOTION OF CHAPTER 7 TRUSTEE FOR APPROVAL OF AGREEMENT CONCERNING CERTAIN ADMINISTRATIVE CLAIMS

NOW COMES Steven Weiss, Chapter 7 Trustee (the "Trustee"), and requests that THIS Court enter an order approving an agreement amongst the Trustee, Frank Gorman, Southern End Realty, LLC, Bryan Gorman, Keith Gorman, Elisa M. Sartori, CPA, Greenridge Financial Services LLC, Certified Public Accountant to Chapter 11 Debtor, ("Sartori"), Michael J. Fadden and Michael J. Fadden, P.C. ("Fadden") and Nina M. Parker, Esq. Parker & Associates LLC[1], Counsel to the Chapter 11 Debtor ("Parker") regarding payment of certain administrative claims, pursuant to Federal Rule of Bankruptcy Procedure 9019 and MLBR 9019-1.  In support thereof, the Trustee respectfully states as follows:

1. On December 16, 2020, Zaana-17, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court.  The Trustee was appointed as Subchapter 11 trustee.

---

[1] Attorney Parker is also of counsel to Madoff & Khoury, LLP.

2. On April 21, 2022, the case was converted to Chapter 7, and the Trustee now serves as Chapter 7 Trustee.

3. The matters set forth herein constitute core proceedings, pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

4. On July 13, 2022 this Court entered an order setting a deadline of August 29, 2022 for parties to file administrative claims.

5. Prior to that time, Parker filed a First Interim Application for Compensation [Dkt. No. 142] which Application was allowed without opposition [Dkt. No. 184]. Thereafter, Parker filed a Second and Final Application for Compensation [Dkt. No. 289] which Application was allowed without opposition. [Dkt. No. 318].

6. Prior to that time, Sartori filed a First Interim Application for Compensation [Dkt. No. 159] which Application was allowed without opposition [Dkt. No. 183]. Thereafter, Sartori filed a Second and Final Application for Compensation [Dkt. No 290] which Application was allowed without opposition. [Dkt. No. 312].

7. Fadden filed a First Interim Application for Compensation [Dkt. No. 145] which Application was allowed without opposition [Dkt. No. 188].

8. Prior to that time, the Trustee filed a First Interim Application for Compensation [Dkt. No.149] which was allowed without opposition, [Dkt. No. 182]. Thereafter, the Trustee filed a Second and Final Application for Compensation [Dkt. No. 285] which was allowed without opposition. [Dkt. No. 317.] (The Sartori, Parker, Fadden and Trustee claims are collectively the "Allowed Administrative

Claimants").

9. Motions for allowance of administrative claims were filed jointly by Southern End Realty, LLC, Keith Gorman, and Bryan Gorman [Dkt. No. 215, referred to herein as the "SER Motion"] and by Frank Gorman [Dkt No. 223, the "F. Gorman Motion"] (collectively the "Gorman Claims" or "Gorman Claimants").

10. The Trustee has filed oppositions to the SER Motion and the F. Gorman Motion (the "Objections").

11. While the case was in Chapter 11, the Debtor completed construction of and sold eight homes in the "Vineyards" subdivision in Pelham, New Hampshire. In the course of the case, funds were retained by the Debtor as "carve outs", so-called, pursuant to Bankruptcy Code § 506(c). Thus, when the case was converted to Chapter 7, the Debtor's counsel remitted the sum of $279,814.26 to the Trustee (now as chapter 7 Trustee).

12. If the Gorman Claims are allowed, the Debtor's estate is administratively insolvent. The Chapter 11 administrative claims listed in this motion total $678,712, not including the chapter 7 Trustee's commission and counsel fees. And, while the Trustee has commenced pursuit of various preference claims, the net recoveries are not likely to render the estate administratively solvent.

13. In order to avoid the costs and expenses of litigation of the Gorman Claims, the Trustee has engaged in extensive negotiations with the administrative claimants, seeking to reach a consensual resolution so as to effectuate an immediate distribution to the holders of administrative claims.

3

14. As of the most recent hearings on these matters on November 22, 2022, a comprehensive settlement with regard to the distribution of the funds had not been reached.

15. Thus, the Court issued a discovery order on the Objections to the Gorman Claims and a further hearing was scheduled for March 30, 2023.

16. To further complicate these issues, on November 15, 2022 Keith Gorman filed his own subchapter V Chapter 11 case in New Hampshire [Docket No. 22-10563-BAH].

17. Following the recent hearings, the parties continued to negotiate towards a consensual distribution of the funds.. As a result of those negotiations, and subject to approval by this Court—as well as the New Hampshire Bankruptcy Court, as to Keith Gorman—the Trustee, the Allowed Administrative Claimants, and the Gorman Claimants have reached a compromise on allowance of the Gorman Claims so as to provide for the distribution of the funds to Chapter 11 administrative claims.

18. The agreement is as follows: (1) The Trustee will distribute $237,000 to administrative claimants at this time (the "Distribution Pool"), which leaves a reserve for Chapter 7 administrative claims. (2) The Chapter 11 administrative claims for professional fees (Attorney Parker, Ms. Sartori, Attorney Fadden, and the Subchapter V Trustee) will receive payments in amounts equal to 80 percent of their respective allowed fee applications. (3) The remainder of the Distribution Pool will be distributed to the SER Claim and the F. Gorman Claim pro rata; this will result in these claims receiving approximately 24 percent on their respective claims. (4) In the event that further distributions are available to unpaid Chapter 11 administrative claims, they will be distributed according to the same percentages. (5) All of the

4

administrative claimants, including the Trustee on behalf of the bankruptcy estate, shall execute cross-releases.

19. Based upon the forgoing agreement, the distributions to the administrative claimants are as follows: Attorney Parker, $70,624.00; Elisa Sartori, $25,220.00; Michael Fadden, $16,728.00; Steven Weiss, as subchapter V Trustee, $22,757.00; Frank Gorman, $26,856; and SER, Keith Gorman and Bryan Gorman, $74,815.00[2].

20. In evaluating a settlement for the estate, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Jeffrey v. Desmond*, 70 F.3d 183, 185, *quoting In re GHR Cos.*, 50 B.R. 931 (Bankr. D. Mass. 1985). A Trustee's judgment concerning the justifications for a settlement is ordinarily provided some deference. *Hill v. Burdick (In re Moorhead Corp.)*, 208 B.R. 87 (1st Cir. 1997); *In re FiberCore, Inc.*, 391 B.R. 647 (Bankr. D. Mass. 2008) (citations omitted).

21. The Trustee believes that the compromise set forth herein satisfies these criteria, for a number of reasons[3]. In the F. Gorman Motion and the SER Motion, they are seeking substantial sums for work performed during the Chapter 11 cases that were essential to the construction and sales of the homes. The Trustee acknowledges that work was performed. However, as the Trustee and other parties have noted in objections to the F. Gorman Motion there are a number of potential objections, including that it is an insider claim, and that the assertion of the claim is contrary to monthly operating reports filed during the

---

[2] The distribution attributable to Keith Gorman shall be paid to his bankruptcy counsel, William Gannon, to be held pending further order of the New Hampshire Bankruptcy Court.

[3] The comments set forth in this motion are for purposes of explaining the benefits of the proposed compromise. They do not constitute admissions by the Trustee, and the Trustee reserves all rights available to the estate if the compromise is not approved.

Chapter 11 case. These objections also apply to the SER Motion; additionally, the Trustee contends that Keith and Brian Gorman, individually, do not have claims against the estate, and that SER owes over $300,000 to the Debtor, which ought to be offset against any claim that might be allowed pursuant to the SER Motion.[4]

22. Additionally, as noted above, this is an administratively insolvent estate. In the absence of this settlement, the Trustee will be commencing significant discovery, e.g., multiple requests for production of documents and depositions. The legal fees for conducting discovery and litigating these issues would be Chapter 7 administrative expenses, which would further dilute the funds available for the allowed Chapter 11 administrative claims.

23. Moreover, while the Trustee believes that his objections to the F. Gorman Motion and the SER Motion are sound, there is always the prospect of the uncertain delays and results of litigation.

24. For all of these reasons, the Trustee believes that the agreement described herein is in the best interests of the estate and should be approved.

WHEREFORE, pursuant to Federal Rule of Bankruptcy Procedure 9019, and for cause shown, the Trustee respectfully prays:

1.  That this Motion be allowed;
2.  That the Trustee be authorized to execute such documents as are necessary to effectuate this agreement; and

---

[4] SER disputes the Trustee's allegations. It has also been represented to the Trustee that SER is no longer operating.

3.     For such further relief as this Court deems just and proper.

Respectfully submitted this 12th day of December, 2022.

          STEVEN WEISS,
          CHAPTER 7 TRUSTEE

          By: /s/ Steven Weiss
            Steven Weiss, Esquire
            BBO# 545619
            Shatz, Schwartz and Fentin, P.C.
            1441 Main Street, Suite 1100
            Springfield, MA  01103
            (413) 737 1131
          sweiss@ssfpc.com

20\0286\Motion.Agreement.2d.1601

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

| | |
|---|---|
| **In re**<br>**ZAANA-17, LLC,**<br>　　　　　　**Debtor** | **Chapter 7**<br>**Case No. 20-41170-CJP** |

## CERTIFICATE OF SERVICE

　　I, Steven Weiss, Esquire, of Shatz, Schwartz and Fentin, P.C., hereby certify that on December 12, 2022, I served a copy of the foregoing **Second Motion for Approval of Agreement Concerning Certain Administrative Claims** via electronic and/or first class U.S. Mail, postage pre-paid to all creditors and to the parties:

Zaana-17 LLC
1105 Lakeview Drive
Dracut, MA 01826

Frank Gorman
c/o Nina M. Parker
Parker & Associates LLC, d/b/a Parker Law
8 Winchester Place, Suite 204
Winchester, MA 01890

James F. McGrail
McGrail Law Office
124 Crescent Road
Needham, MA 02494

Elisa M. Sartori
45 Summer Street, #106
Leominster, MA 01453

William Gannon, Esq.
740 Chestnut Street
Manchester, NH 03104

Steven Meunier, Esquire
Office of US. Trustee
446 Main Street
14th Floor
Worcester, MA 01608

Jeffrey J. Cymrot, Esq.
Sassoon Cymrot Law, LLC
84 State Street
Boston, MA 02109

John J. Ratigan, Esq.
Donahue, Tucker & Ciandella, PLLC
16 Acadia Lane
Exeter, NH 03833-4936

Nina M. Parker
Parker & Associates LLC, d/b/a Parker Law
8 Winchester Place, Suite 204
Winchester, MA 01890

Michael Fadden, Esq.
2020 Lakeview Ave.
Dracut, MA 01826-3275

        /s/ Steven Weiss
        Steven Weiss, Esquire

2

```
Label Matrix for local noticing              Bank of New England                       Benson Lumber & Hardware Inc
0101-4                                       c/o Gary W. Cruickshank, Esq.             6 Martin Street
Case 20-41170                                21 Custom House Street                    Derry, NH  03038-2311
District of Massachusetts                    Suite 920
Worcester                                    Boston, MA 02110-3525
Mon Dec 12 10:37:27 EST 2022

Caterpillar Financial Services Corporation   Connie Doto Realty Group                  Hampstead Area Water Services Company, a div
c/o Thomas K. McCraw, Jr.                    Attn: Jesse Redlener                      Ascendant Law Group LLC
Freeman Mathis & Gary, LLP                   Ascendant Law Group                       204 Andover Street, Suite 401
60 State Street                              2 Dundee Park Drive, Suite 102            Attn: Jesse I. Redlener
Suite 600                                    Andover, MA 01810-3725                    Andover, MA 01810-5702
Boston, MA 02109-1862

Southern End Realty LLC                      Zaana-17 LLC                              Worcester
1105 Lakeview Drive                          1105 Lakeview Drive                       U. S. Bankruptcy Court
Dracut, MA 01826-4745                        Dracut, MA 01826-4745                     595 Main Street
                                                                                       Worcester, MA 01608-2060

Agretech Corporation                         Ashley McCue and Mike Boyle               Bank of New England
100 Burtt Road, Suite G01                    22 Chardonnay Road                        P.O. Box 29
Andover, MA 01810-5920                       Pelham, NH 03076-3200                     Salem, NH 03079-0029

Benson Lumber and Hardware, Inc.             Blais Concrete Flatwork                   Bunlong Heng
6 Martin Street                              50 Old Wilton Road                        413 Walker Street
POB 444                                      New Ipswich, NH 03071-3421                Lowell, MA 01851-2556
Derry, NH 03038-0444

Caterpillar Financial Services               (p)CATERPILLAR FINANCIAL SERVICES CORPORATION   Caterpillar Financial Services Corporation
P.O. Box 13834                               2120 WEST END AVENUE                      c/o Thomas K. McCraw, Jr., Esq.
Newark, NJ 07189-0001                        NASHVILLE TN 37203-5341                   Freeman Mathis & Gary, LLP
                                                                                       60 State Street, Suite 600
                                                                                       Boston, MA 02109-1862

Dave Holt Construction                       Dave Holt Roofing                         David M. Groff
P.O. Box 1001                                P.O. Box 1001                             79 Bridge Street
Pelham, NH 03076-1001                        Pelham, NH 03076-1001                     P.O. Box 209
                                                                                       Pelham, NH 03076-0209

Donald F. Farrell, Jr.                       Donald F. Farrell, Jr.                    Ed Herbert & Associates
240 Lewis Wharf                              Maureen Appleyard, Trustee                1 Frost Road
Boston, MA 02110-3927                        5 Riverview Hill                          Windham, NH 03087-1250
                                             Essex, MA 01929-1336

Gray Bar                                     Haffners                                  Hampstead Area Water Co.
392 University Avenue                        2 International Way                       54 Sawyer Avenue
Westwood, MA 02090-2311                      Lawrence, MA 01843-1064                   Atkinson, NH 03811-2445

Independent Electric                         J&J Heating and Air Conditioning, Inc.    J.P. Brown, LLC
41 inner Belt Road                           17 Arlington Street                       185 Hildretch Street
Somerville, MA 02143-4406                    Dracut, MA 01826-3952                     Dracut, MA 01826
```

| | | |
|---|---|---|
| Kelley and Mark Szmyt<br>19 Saint Margrets Drive<br>Pelham, NH 03076-2513 | Lewis Builders Development, Inc. d/b/a Hamps<br>54 Sawyer Ave.<br>Atkinson, NH 03811-2445 | Lewis Engineering<br>44 Stark Lane<br>Litchfield, NH 03052-2456 |
| Liberty Utilities<br>P.O. Box 1380<br>Londonderry, NH 03053-1380 | Liberty Utilities - NH<br>75 Remittance Drive, Suite 1032<br>Chicago, IL 60675-1032 | MA Ready Mix<br>80 Ayer Road<br>Littleton, MA 01460-1104 |
| Mark Kanakis, Esq.<br>Merra & Kanakis, PC<br>P.O. Box 388<br>Nashua, NH 03061-0388 | Mass. Dept. of Revenue<br>Attn: Bankruptcy Unit<br>P O Box 7090<br>Boston MA 02204-7090 | Maureen Appleyard, Trustee of 59 Newhall Str<br>5 Riverview Hill<br>Essex, MA 01929-1336 |
| Maureen Appleyard, Trustee of the<br>59 Newhall Street Realty Trust<br>P.O. Box 966<br>Essex, MA 01929-0018 | Micheal Fadden, Esq.,<br>2020 Lakeview<br>Dracut, MA 01826-3275 | NJB Accounting Solutions<br>130 Lawrence Road<br>Salem, NH 03079-3951 |
| Nelia J Benjamin and Ron Benjamin<br>130 Lawrence Road<br>Salem NH 03079<br>Salem, NH 03079-3951 | Nelia and Ron Benjamin<br>130 Lawrence Road<br>Salem, NH 03073 | New England Mobile Crushing<br>200 Suncook Valley Road<br>Westwood, MA 02090 |
| Robert M. Shepard, Esq.<br>Smith-Weiss Shepard & Spony, P.C.<br>47 Factory Street<br>Nashua, NH 03060-3310 | Seth Pasakarnis, Esq.<br>Hinckley Allen & Snyder, LLP<br>28 State Street<br>Boston, MA 02109-1776 | Silva Bros. Investment, Inc.<br>850 Chelmsford Street, # 8<br>Lowell, MA 01851-5149 |
| Silverwatch Architects<br>155 Londonderry Road<br>Windham, NH 03087-1116 | Southworth Milton, Inc. d/b/a<br>Milton CAT<br>100 Quarry Street<br>Milford, MA 01757-1751 | Tim and Kathleen O'Shea<br>23 Chardonnay Road<br>Pelham, NH 03076-3200 |
| Winmill Equipment<br>3 International Dr.<br>Windham, NH 03087-1694 | Bryan Patrick Gorman<br>90 Loon Hill Road<br>Dracut, MA 01826-4031 | Elisa M. Sartori<br>45 Summer Street, #106<br>Leominster, MA 01453-3228 |
| Frank Gorman<br>18 Schiripo Way<br>Dracut, MA 01826-2770 | Keith Michael Gorman<br>820 Methuen Street<br>Dracut, MA 01826-5221 | Michael J. Fadden<br>2020 Lakeview Ave<br>Dracut, MA   01826-3275 |
| Nina M. Parker<br>Parker & Associates LLC,d/b/a Parker Law<br>8 Winchester Place, Suite 204<br>Winchester, MA 01890-2846 | Richard King<br>Office of US. Trustee<br>446 Main Street<br>14th Floor<br>Worcester, MA 01608-2361 | Steven Weiss<br>Steven Weiss, Trustee<br>Shatz,Schwartz & Fentin<br>1441 Main Street<br>Suite 1100<br>Springfield, MA 01103-1450 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Caterpillar Financial Services Corp.
2120West End Avenue
Nashville, TN 37203

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)59 Newhall Street Realty Trust | (u)Newport Construction Corporation | (u)Silva Bros. Investment, LLC<br>850 Chelmsford Street<br>Lowell |
| (d)Benson Lumber and Hardware, Inc.<br>6 Martin Street<br>Derry, NH 03038-2311 | (d)Tim and Kathleen O'Shea<br>23 Chardonnay Road<br>Pelham, NH 03076-3200 | End of Label Matrix<br>Mailable recipients    59<br>Bypassed recipients     5<br>Total                  64 |