**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | |
|---|---|
| **In re**<br>**ZAANA-17, LLC,**<br>               **Debtor** | **Chapter 7**<br>**Case No. 20-41170-CJP** |

### MOTION OF CHAPTER 7 TRUSTEE FOR APPROVAL OF SETTLEMENT OF ADMINISTRATIVE CLAIMS ASSERTED BY FRANK GORMAN, BRYAN GORMAN, KEITH GORMAN, AND SOUTHERN END REALTY, LLC

NOW COMES Steven Weiss, Chapter 7 Trustee (the "Zaana Trustee"), and requests that this Court enter an order approving an agreement amongst the Zaana Trustee, Joseph Baldiga, as Chapter 7 Trustee for Bryan Gorman (the "B. Gorman Trustee"), Jonathan Goldsmith, as chapter 7 Trustee for Frank Gorman (the "F. Gorman Trustee"), Keith Gorman as debtor in possession ("K. Gorman") and Southern End Realty, LLC ("SER") regarding payment of certain alleged administrative claims, pursuant to Federal Rule of Bankruptcy Procedure 9019 and MLBR 9019-1. In support thereof, the Trustee respectfully states as follows:

1. On December 16, 2020, Zaana-17, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court. The Trustee was appointed as Subchapter 11 trustee.

2. On April 21, 2022, the case was converted to Chapter 7, and the Trustee now serves as Chapter 7 Trustee.

3. The matters set forth herein constitute core proceedings, pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

4. While the case was in Chapter 11, the Debtor completed construction of and sold eight homes in the "Vineyards" subdivision in Pelham, New Hampshire. In the course of the case, funds were retained by the Debtor as "carve outs", so-called, pursuant to Bankruptcy Code § 506(c). Thus, when the case was converted to Chapter 7, the Debtor's counsel remitted the sum of $279,814.26 to the Trustee (now as chapter 7 Trustee).

5. This Court entered an order setting a deadline of August 29, 2022 for parties to file administrative claims.

6. On February 16, 2022 SER, K. Gorman and Bryan Gorman jointly filed the Motion of Southern End Realty, Bryan Gorman, and Keith Gorman for Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(1)(A) (Dkt. No. 215, the "SER Motion"). As set forth therein, the claimants assert that they are jointly entitled to an administrative priority claim in the net amount of $254,000.00.

7. On March 15, 2022 Frank Gorman filed his Motion of Southern End Realty, Bryan Gorman, and Keith Gorman for Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(1)(A) (Dkt. No. 223, the "F. Gorman Motion"). As set forth therein, Frank Gorman asserts that he is entitled to an administrative priority claim in the amount of $112,000.00.

8. The Zanna Trustee has filed multiple oppositions to the SER Motion and the F. Gorman Motion (the "Objections"), and several creditors also filed objections.

9. On November 15, 2022 Keith Gorman ("Keith") filed a petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of New Hampshire [Docket No. 22-10563-BAH], and is debtor in possession.

10. On December 12, 2022 the Zaana Trustee filed his Second Motion of Chapter 7 Trustee for Approval of Agreement Concerning Certain Administrative Claims [dkt. No. 322, referred to herein as the "Compromise Motion"). Keith filed a similar motion in his chapter 11 case.

11. On January 10, 2023—the day before the hearing on approval of the Compromise Motion—Bryan and Keith filed a limited objection [Dkt. No. 363, the "Gorman Objection"]. As set forth in more detail therein, Bryan and Keith asserted for the first time that their claims against the Debtor constituted wage claims, for which they were entitled to treble damages and attorney's fees.

12. As a result of the Gorman Objection, the Trustee withdrew the Compromise Motion.

13. Since the withdrawal of the Compromise Motion, the Zaana Trustee, Keith, and Bryan have engaged in extensive discovery regarding the SER Motion and the F. Gorman Motion.

14. Bryan Gorman ("Bryan") filed a chapter 7 petition with this Court on March 30, 2023 [Case No. 23-40248-CJP]. Joseph Baldiga is the Chapter 7 Trustee in Bryan's case. In his amended schedules, Bryan lists his claim against Zaana-17 in the amount of $75,000.00, and claims an exemption in the amount of $10,739.00.

15. Frank Gorman ("Frank") filed a chapter 7 petition with this Court on March 31, 2023 [Case No. 23-40257-CJP]. Jonathan Goldsmith is the (successor) Chapter 7 Trustee. In his schedules ,Frank lists his claim against Zaana-17 in the amount of $112,000.00, and claims an exemption in the amount of $6,000.00.

16. Frank's and Bryan's alleged claims are property of their respective bankruptcy estates, subject to their claims of exemption.

17. During the administration of this case, the Trustee has received relief from the stay in the Gormans' respective cases to continue to pursue litigation of the claims.

18. At this time, the Zaana Trustee is holding approximately $314,000.00 in the estate, which is administratively insolvent.

19. The Zaana Trustee has engaged in extensive settlement negotiations with Keith, the F. Gorman Trustee and the K. Gorman Trustee regarding their respective claims.

20. As a result of those negotiations, and subject to approval by this Court (in all three cases pending before this Court, as well as the New Hampshire Bankruptcy Court, as to Keith) the Trustee, Keith, the F. Gorman Trustee, the B. Gorman Trustee, and SER have reached a compromise on allowance of the Gorman Claims.

21. The agreement is as follows: (1) Upon entry of final appealable orders in each of the pending bankruptcy cases, the Zaana Trustee will distribute $42,500.00 to the B. Gorman Trustee; $42,500.00 to Keith Gorman as debtor in possession; and $22,500.00 to the F. Gorman Trustee. (2) These payments (referred to herein as the "Distributions"). (3) Keith Gorman, the B. Gorman Trustee, and the F. Gorman Trustee further specifically acknowledge that these payments are in settlement of disputed claims and do not constitute payment of wages, and that none of the Parties or their respective bankruptcy estates will assert any claims for wages against the Zaana bankruptcy estate or the Zaana Trustee. (4) SER will not receive any distribution from the Zaana estate, and its interest in the SER Motion shall be deemed

withdrawn with prejudice. (5) The parties will cross release each other, effective on the receipt of the Distributions.

22. Annexed hereto as Exhibit "A" is the Settlement Agreement, which has been executed by all parties, and which provides the full scope of the settlement.

23. In evaluating a settlement for the estate, a bankruptcy court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Jeffrey v. Desmond*, 70 F.3d 183, 185, *quoting In re GHR Cos.*, 50 B.R. 931 (Bankr. D. Mass. 1985). A Trustee's judgment concerning the justifications for a settlement is ordinarily provided some deference. *Hill v. Burdick (In re Moorhead Corp.)*, 208 B.R. 87 (1st Cir. 1997); *In re FiberCore, Inc.*, 391 B.R. 647 (Bankr. D. Mass. 2008) (citations omitted).

24. The Trustee believes that the compromise set forth herein satisfies these criteria, for a number of reasons[1]. In the F. Gorman Motion and the SER Motion, they are asserting claims totaling $366,000 for work performed during the Chapter 11 case that were essential to the construction and sales of the homes. The Trustee acknowledges that work was performed. Conversely, as the Trustee and other parties have noted in objections to the F. Gorman Motion and the SER Motion, there are a number of potential objections, including but not limited to the following: that they are insider claims, that the claimants did not properly account for payments received; that Bryan and Keith's claims are against SER, not the Debtor; that the assertions of the claims are contrary to monthly operating reports filed during the Chapter

---

[1] The comments set forth in this motion are for purposes of explaining the benefits of the proposed compromise. They do not constitute admissions by the Trustee, and the Trustee reserves all rights available to the estate if the compromise is not approved.

11 case; and that SER owes over $300,000 to the Debtor, which ought to be offset against any claim that might be allowed pursuant to the SER Motion.[2]

25. Keith, the F. Gorman Trustee and the B. Gorman Trustee all dispute the Trustee's contentions. They have also emphasized that payments to them were budgeted line items (albeit not paid) in cash collateral motions filed with this Court.

26. While the Zaana Trustee believes that he would ultimately prevail, there are a number of procedural and practical hurdles to litigating these disputed claims to final resolution. First, the Trustee has asserted that the Claims are subject to equitable subordination under Bankruptcy Code § 510(c). This Court has indicated that the Trustee would be required to commence adversary proceedings against the various claimants. That would both increase the expenses incurred in this case as well cause further delay.

27. Second, as this Court is aware, this is an administratively insolvent case. Were the Trustee to continue to litigate his objections to the SER Motion and the F. Gorman Motion, he would need to take multiple depositions, followed by what would likely be multiple days of evidentiary hearings. the Trustee's legal fees and expenses—Chapter 7 administrative claims—would erode the funds available not just toward these claims, to the extent allowed, but that which would be available to the other holders of allowed Chapter 11 administrative claims.

---

[2] SER disputes the Trustee's allegations. It has also been represented to the Trustee that SER is no longer operating.

28. Third, the benefit to the individual debtors is relatively minimal. B. Gorman will receive $10,739.00 on his exemption in his portion of the claim, while F. Gorman will only receive $6,000.00 on his exemption in his claim. The remainder will be available for distribution to their creditors.

29. Finally, the distribution is not inconsistent with the distribution principles of the Bankruptcy Code, which makes no distinction between professional and non-professional administrative claims. The SER Claim and the F. Gorman claim total $366,000. The distribution on account of those claims will be $107,500.00; thus, the distribution will be approximately 29 percent of those disputed claims. The unpaid Chapter 11 professional fee claims are in the amount of approximately $186,000.00. Factoring in a reserve of approximately $100,000 for chapter 7 fees and expenses, the distribution to allowed Chapter 11 professional fees be approximately 50 percent of those claims.

30. For all of these reasons, the Trustee believes that the agreement described herein is in the best interests of the estate and should be approved.

WHEREFORE, pursuant to Federal Rule of Bankruptcy Procedure 9019, and for cause shown, the Trustee respectfully prays:

1. That this Motion be allowed;
2. That the Trustee be authorized to execute such documents as are necessary to effectuate this agreement; and
3. For such further relief as this Court deems just and proper.

Respectfully submitted this 14th day of July, 2023.

        STEVEN WEISS,
        CHAPTER 7 TRUSTEE

        By: /s/ Steven Weiss
          Steven Weiss, Esquire
          BBO# 545619
          Shatz, Schwartz and Fentin, P.C.
          1441 Main Street, Suite 1100
          Springfield, MA  01103
          (413) 737 1131
          sweiss@ssfpc.com

20\0286\Motion.compromise.Gorman.claims.1601

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT ("Agreement") is entered into this ____ day of July, 2023 by and among Steven Weiss solely in his capacity as chapter 7 trustee in the case of Zaana-17, LLC, and not personally ("the Zaana Trustee"), Keith Gorman, Debtor and Debtor in Possession ("K. Gorman"), Jonathan Goldsmith as Chapter 7 Trustee for the estate of Frank Gorman (the "F. Gorman Trustee"), Joseph Baldiga as Chapter 7 Trustee for the estate of Bryan Gorman (the "B. Gorman Trustee"), and Southern End Realty, LLC ("SER"), each a "Party" and collectively the "Parties."

## RECITALS

WHEREAS, On December 16, 2020 Zaana-17, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court (Docket No. 20-41170-CJP), and the Trustee was appointed as Subchapter V Chapter 11 trustee;

WHEREAS, on April 21, 2022 the case was converted to a Chapter 7 case, and the Trustee was appointed as and now serves as Chapter 7 Trustee;

WHERAS, on February 16, 2022 Keith Gorman, Bryan Gorman and SER jointly filed an Application for Allowance of Administrative Claim [docket no. 215, the "SER Claim"];

WHEREAS, on March 15, 2022 Frank Gorman filed a Motion for Allowance of Administrative Claim [docket no. 223, the "F. Gorman Claim"];

WHEREAS, the Zaana Trustee has filed objections to the allowance of the SER Claim and the F. Gorman Claim;

WHEREAS, on November 15, 2022 K. Gorman filed a petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of New Hampshire (Docket No. 22-10563-BAH);

WHEREAS, on December 12, 2022 the Zaana Trustee filed his Second Motion for Approval of Agreement Concerning Certain Unsecured Claims [Docket No. 332, the "Compromise Motion");

WHEREAS, on January 10, 2023 the Zaana Trustee withdrew the Compromise Motion, and has engaged in discovery regarding the SER Claim and the F. Gorman Claim;

WHEREAS, on March 30, 2023 Bryan Gorman filed a petition for relief under Chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Massachusetts [Case No. 23-40248-CJP], and the B. Gorman Trustee was appointed and serves as Chapter 7 Trustee;

WHEREAS, on March 31, 2023 Frank Gorman filed a petition for relief under Chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Massachusetts

[Case No. 23-40257-CJP], and the F. Gorman Trustee was appointed and serves as (successor) Chapter 7 Trustee;

WHEREAS, Keith Gorman and Bryan Gorman each hold 50 percent membership interests in SER, which are part of their respective bankruptcy estates; and

WHEREAS, the Parties now wish to settle the various disputes;

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein contained, the receipt and sufficiency of which is hereby acknowledged by each Party, the Parties covenant and agree as follows:

1.  Upon execution of this Settlement Agreement by the Parties, the Zaana Trustee, the B. Gorman Trustee, the F. Gorman Trustee and Keith Gorman shall file motions for approval of this Settlement Agreement in each of the respective bankruptcy cases.

2.  Upon approval of this Settlement Agreement in all of the pending bankruptcy cases, the Zaana Trustee will distribute the sum of $42,500.00 to William S. Gannon, as counsel to Subchapter V Debtor Keith Gorman; $42,500.00 to the B. Gorman Trustee; and $22,500.00 to the F. Gorman Trustee. These payments (referred to herein as the "Distributions") are in full satisfaction of the SER Claim and the F. Gorman Claim. For avoidance of uncertainty, no payment shall be made to SER, and its interest in the SER Claim shall be deemed withdrawn. Keith Gorman, the B. Gorman Trustee, and the F. Gorman Trustee further specifically acknowledge that these payments are in settlement of disputed claims and do not constitute payment of wages, and that none of the Parties or their respective bankruptcy estates shall assert claims for wages against the Zaana bankruptcy estate or the Zaana Trustee following this settlement. The Parties further acknowledge and agree that any tax consequences concerning the Distributions will be borne by their respective bankruptcy estates.

3.  Timing of Payment: The Distributions shall be paid by the Zaana Trustee by check within five (5) days after the Effective Date of this Agreement, as defined below.

4.  Release Provisions: Upon issuance and receipt of the Distributions (the "Payment Date"), each of the Zaana Trustee, on the one hand, and Keith Gorman, the B. Gorman Trustee and the F. Gorman Trustee, on the other hand (the "Gorman Releasees"), for themselves and their heirs, administrators, successors, legal representatives and assigns shall automatically discharge and release, and shall be conclusively deemed to have discharged and released the Zaana Trustee and the Gorman Releasees (as applicable) and their agents, employees, representatives, beneficiaries, trustees, administrators, servants, attorneys, successors and assigns of and from any and all causes of action, suits, debts, obligations, losses, liabilities, proceedings, orders, accounts, contracts, agreements, damages, judgments, claims, counterclaims, demands, costs, expenses or other obligations, of whatever kind or nature, in law or equity, known or unknown, vested or contingent, foreseeable and unforeseeable, liquidated or unliquidated, insured or uninsured, and whether or not concealed or hidden, that they, it or them now has, has ever had or may hereafter have against the other in respect of any period on or prior to the Payment Date that arise out of or relate to any actions taken or omissions committed in any capacity for or associated with Zaana-17, LLC

2

(collectively, the "***Released Claims***"), except for those arising from, out of or incidental to a breach of or default under this Agreement.

5. Upon making the payments as set forth above, Trustee and his counsel will file withdrawals of appearance in the Keith Gorman Bankruptcy Case, and acknowledge that the Trustee has no further claims against Keith Gorman or his bankruptcy estate or any further interest in his bankruptcy estate.

6. <u>Condition Precedent To The Parties' Obligations</u>: The Parties' obligations and the releases given herein shall be binding and effective on the first calendar day following the date on which the Orders become final and unappealable in each of the bankruptcy cases, which date shall be the "Effective Date" of this Agreement and the payments have been received by counsel for Keith Gorman, the B. Gorman Trustee, and the F. Gorman Trustee.

7. <u>Impact of Failure of Condition Precedent</u>: This Agreement will terminate and be of no further force and effect in the event that the condition precedent set forth in the immediately preceding paragraph is not satisfied.

8. <u>Effect of Termination</u>: In the event this Agreement terminates lawfully due to the failure of the United States Bankruptcy Courts for the District Courts of Massachusetts and New Hampshire to approve the Settlement Agreement or any other express condition precedent for any reason, this Agreement will be null and void in its entirety, none of the Parties will have any obligations to any other Party arising herefrom, and nothing contained herein will have any preclusive or prejudicial effect upon any of the Parties.

9. <u>Successors and Assigns</u>: The rights, obligations, benefits and privileges created under this Agreement will be binding upon, and inure to the benefit of, each of the Parties and their respective successors and assigns.

10. <u>No Admissions</u>: This Agreement will not constitute, be interpreted to be, construed, or used as evidence of any admission of liability, law or fact, a waiver of any right or defense, or to estop any Party, except to the extent expressly provided herein.

11. <u>Authority</u>: Each individual signing this Agreement hereby covenants and warrants that subject only to the entry of the Settlement Approval Orders, he or she is fully authorized: (i) to sign this Agreement on behalf of the Party for which such individual is signing; and (ii) to bind such Party to all of the terms of this Agreement.

12. <u>Entire Agreement</u>: This Agreement sets forth the entire agreement among the Parties with respect to the subject matter hereof. This Agreement is not subject to any condition not provided for herein, and there are no other collateral or oral agreements among the Parties with respect to the subject matter hereof.

13. <u>Counterparts</u>: This Agreement may be executed in any number of counterparts, each of which will be deemed an original, and all of which taken together will be considered one and the same agreement.

3

14. <u>Amendments</u>: This Agreement may be amended or otherwise modified only in writing, executed by all Parties; <u>provided, however</u>, that any material modification will require the prior approval of the Massachusetts Bankruptcy Court and the New Hampshire Bankruptcy Court, as the case may be.

15. <u>Bankruptcy Court Jurisdiction</u>:  The Bankruptcy Courts will have sole and exclusive jurisdiction over the approval of, and any dispute arising under or related to, this Agreement.

16. <u>Governing Law</u>: This Agreement will be governed by, and construed in accordance with, the laws of the Commonwealth of Massachusetts.

IN WITNESS WHEREOF, the Parties enter into this Agreement, as of the date hereof.

APPROVED AND AGREED TO this ___ day of July, 2023.

**[SIGNATURE PAGE TO FOLLOW]**

|  |  |
|---|---|
| | STEVEN WEISS,<br>CHAPTER 7 TRUSTEE FOR<br>ZAANA-17, LLC |
| July 14, 2023<br>Date | By: _____ |
| | JONATHAN GOLDSMITH,<br>CHAPTER 7 TRUSTEE FOR<br>FRANK GORMAN |
| _____<br>Date | By: _____ |
| | JOSEPH BALDIGA,<br>CHAPTER 7 TRUSTEE FOR<br>BRYAN GORMAN |
| 7/10/2023<br>Date | By: _____ |
| | KEITH GORMAN<br>DEBTOR IN POSSESSION |
| 7/11/23<br>Date | By: _____<br>KEITH GORMAN |
| | SOUTHERN END REALTY, LLC |
| 7/10/2023<br>Date | By: _____<br>Keith Gorman, Manager |
| | _____<br>Joseph Baldiga, as<br>Chapter 7 Trustee for<br>Bryan Gorman, Manager |

20\0286\Settlement Agrmt.Final(corrected)

5

|  |  |
|---|---|
| _____ <br> Date | STEVEN WEISS, <br> CHAPTER 7 TRUSTEE FOR <br> ZAANA-17, LLC <br><br> By: _____ |
| 7/10/2023 <br> Date | JONATHAN GOLDSMITH, <br> CHAPTER 7 TRUSTEE FOR <br> FRANK GORMAN <br><br> By: *(signature)* |
| _____ <br> Date | JOSEPH BALDIGA, <br> CHAPTER 7 TRUSTEE FOR <br> BRYAN GORMAN <br><br> By: _____ |
| _____ <br> Date | KEITH GORMAN <br> DEBTOR IN POSSESSION <br><br> By: _____ <br> KEITH GORMAN |
| _____ <br> Date | SOUTHERN END REALTY, LLC <br><br> By: _____ <br> Keith Gorman, Manager <br><br> _____ <br> Joseph Baldiga, as <br> Chapter 7 Trustee for <br> Bryan Gorman, Manager |

20\0286\Settlement Agrmt.Final(corrected)

5

|  |  |
|---|---|
| | STEVEN WEISS, <br> CHAPTER 7 TRUSTEE FOR <br> ZAANA-17, LLC |
| _____ <br> Date | By: _____ |
| | JONATHAN GOLDSMITH, <br> CHAPTER 7 TRUSTEE FOR <br> FRANK GORMAN |
| _____ <br> Date | By: _____ |
| | JOSEPH BALDIGA, <br> CHAPTER 7 TRUSTEE FOR <br> BRYAN GORMAN |
| 7/10/2023 <br> Date | By: *[signature]* _____ |
| | KEITH GORMAN <br> DEBTOR IN POSSESSION |
| _____ <br> Date | By: _____ <br> KEITH GORMAN |
| | SOUTHERN END REALTY, LLC |
| 7/10/2023 <br> Date | By: _____ <br> Keith Gorman, Manager <br> *[signature]* _____ <br> Joseph Baldiga, as <br> Chapter 7 Trustee for <br> Bryan Gorman, Manager |

20\0286\Settlement Agrmt.Final(corrected)

5

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | |
|---|---|
| In re<br>ZAANA-17, LLC,<br>                Debtor | Chapter 7<br>Case No. 20-41170-CJP |

**CERTIFICATE OF SERVICE**

      I, Steven Weiss, Esquire, of Shatz, Schwartz and Fentin, P.C., hereby certify that on July 14, 2023 I served a copy of the Motion to Approve Settlement via electronic and/or first class U.S. Mail, postage pre-paid to all creditors and to the parties:

Nina M. Parker
Parker & Associates LLC
8 Winchester Place, Suite 204
Winchester, MA 01890
*Via email

James F. McGrail
McGrail Law Office
124 Crescent Road
Needham, MA 02494

Jonathan Goldsmith, Esquire
Goldsmith, Katz & Argenio, P.C.
1350 Main Street
Springfield, MA 01103

Joseph Baldiga, Esquire
100 Front Street
Worcester, MA 01608

Marques Lipton Esquire
945 Concord Street
Framingham, MA 01701

Jeffrey J. Cymrot, Esq.
Sassoon Cymrot Law, LLC
84 State Street
Boston, MA 02109
*Via email

John J. Ratigan, Esq.
Donahue, Tucker & Ciandella, PLLC
16 Acadia Lane
Exeter, NH 03833-4936

Elisa M. Sartori
45 Summer Street, #106
Leominster, MA 01453
*Via email

9

William Gannon, Esq.  
740 Chestnut Street  
Manchester, NH 03104  
*Via email

Michael Fadden, Esq.  
2020 Lakeview Ave.  
Dracut, MA 01826-3275  
*Via email

Nelia Benjamin  
*Via email

Don Lassman  
P.O. Box 920385  
Needham, MA  02492

/s/ Steven Weiss
 Steven Weiss, Esquire

2

```
Label Matrix for local noticing            Bank of New England                         Benson Lumber & Hardware Inc
0101-4                                     c/o Gary W. Cruickshank, Esq.               6 Martin Street
Case 20-41170                              21 Custom House Street                      Derry, NH  03038-2311
District of Massachusetts                  Suite 920
Worcester                                  Boston, MA 02110-3525
Fri Jul 14 10:51:13 EDT 2023

Caterpillar Financial Services Corporation  Connie Doto Realty Group                   Hampstead Area Water Services Company, a div
c/o Thomas K. McCraw, Jr.                   Attn: Jesse Redlener                        Ascendant Law Group LLC
Freeman Mathis & Gary, LLP                  Ascendant Law Group                         204 Andover Street, Suite 401
60 State Street                             2 Dundee Park Drive, Suite 102              Attn: Jesse I. Redlener
Suite 600                                   Andover, MA 01810-3725                      Andover, MA 01810-5702
Boston, MA 02109-1862

Southern End Realty LLC                     Zaana-17 LLC                                Worcester
1105 Lakeview Drive                         1105 Lakeview Drive                         U. S. Bankruptcy Court
Dracut, MA 01826-4745                       Dracut, MA 01826-4745                       595 Main Street
                                                                                        Worcester, MA 01608-2060


Agretech Corporation                        Ashley McCue and Mike Boyle                 Bank of New England
100 Burtt Road, Suite G01                   22 Chardonnay Road                          P.O. Box 29
Andover, MA 01810-5920                      Pelham, NH 03076-3200                       Salem, NH 03079-0029



Benson Lumber and Hardware, Inc.            Blais Concrete Flatwork                     Bunlong Heng
6 Martin Street                             6 Old Wilton Road                           413 Walker Street
POB 444                                     New Ipswich, NH 03071-3421                  Lowell, MA 01851-2556
Derry, NH 03038-0444



Caterpillar Financial Services              (p)CATERPILLAR FINANCIAL SERVICES CORPORATION  Caterpillar Financial Services Corporation
P.O. Box 13834                              2120 WEST END AVENUE                        c/o Thomas K. McCraw, Jr., Esq.
Newark, NJ 07189-0001                       NASHVILLE TN 37203-5341                     Freeman Mathis & Gary, LLP
                                                                                        60 State Street, Suite 600
                                                                                        Boston, MA 02109-1862

Dave Holt Construction                      Dave Holt Roofing                           David M. Groff
P.O. Box 1001                               P.O. Box 1001                               79 Bridge Street
Pelham, NH 03076-1001                       Pelham, NH 03076-1001                       P.O. Box 209
                                                                                        Pelham, NH 03076-0209


Donald F. Farrell, Jr.                      Donald F. Farrell, Jr.                      Ed Herbert & Associates
240 Lewis Wharf                             Maureen Appleyard, Trustee                  1 Frost Road
Boston, MA 02110-3927                       5 Riverview Hill                            Windham, NH 03087-1250
                                            Essex, MA 01929-1336


Gray Bar                                    Haffners                                    Hampstead Area Water Co.
392 University Avenue                       2 International Way                         54 Sawyer Avenue
Westwood, MA 02090-2311                     Lawrence, MA 01843-1064                     Atkinson, NH 03811-2445



Independent Electric                        J&J Heating and Air Conditioning, Inc.      J.P. Brown, LLC
41 inner Belt Road                          17 Arlington Street                         185 Hildretch Street
Somerville, MA 02143-4406                   Dracut, MA 01826-3952                       Dracut, MA 01826
```

| | | |
|---|---|---|
| Kelley and Mark Szmyt<br>19 Saint Margrets Drive<br>Pelham, NH 03076-2513 | Lewis Builders Development, Inc. d/b/a Hamps<br>54 Sawyer Ave.<br>Atkinson, NH 03811-2445 | Lewis Engineering<br>44 Stark Lane<br>Litchfield, NH 03052-2456 |
| Liberty Utilities<br>P.O. Box 1380<br>Londonderry, NH 03053-1380 | Liberty Utilities - NH<br>75 Remittance Drive, Suite 1032<br>Chicago, IL 60675-1032 | MA Ready Mix<br>80 Ayer Road<br>Littleton, MA 01460-1104 |
| Mark Kanakis, Esq.<br>Merra & Kanakis, PC<br>P.O. Box 388<br>Nashua, NH 03061-0388 | Mass. Dept. of Revenue<br>Attn: Bankruptcy Unit<br>P O Box 7090<br>Boston MA 02204-7090 | Maureen Appleyard, Trustee of 59 Newhall Str<br>5 Riverview Hill<br>Essex, MA 01929-1336 |
| Maureen Appleyard, Trustee of the<br>59 Newhall Street Realty Trust<br>P.O. Box 966<br>Essex, MA 01929-0018 | Micheal Fadden, Esq.,<br>2020 Lakeview<br>Dracut, MA 01826-3275 | NJB Accounting Solutions<br>130 Lawrence Road<br>Salem, NH 03079-3951 |
| Nelia J Benjamin and Ron Benjamin<br>130 Lawrence Road<br>Salem NH 03079<br>Salem, NH 03079-3951 | Nelia and Ron Benjamin<br>130 Lawrence Road<br>Salem, NH 03073 | New England Mobile Crushing<br>200 Suncook Valley Road<br>Westwood, MA 02090 |
| Robert M. Shepard, Esq.<br>Smith-Weiss Shepard & Spony, P.C.<br>47 Factory Street<br>Nashua, NH 03060-3310 | Seth Pasakarnis, Esq.<br>Hinckley Allen & Snyder, LLP<br>28 State Street<br>Boston, MA 02109-1776 | Silva Bros. Investment, Inc.<br>850 Chelmsford Street, # 8<br>Lowell, MA 01851-5149 |
| Silverwatch Architects<br>155 Londonderry Road<br>P.O. Box 578<br>Windham, NH 03087-0578 | Southworth Milton, Inc. d/b/a<br>Milton CAT<br>100 Quarry Street<br>Milford, MA 01757-1751 | Tim and Kathleen O'Shea<br>23 Chardonnay Road<br>Pelham, NH 03076-3200 |
| Winmill Equipment<br>3 International Dr.<br>Windham, NH 03087-1694 | Bryan Patrick Gorman<br>90 Loon Hill Road<br>Dracut, MA 01826-4031 | Elisa M. Sartori<br>45 Summer Street, #106<br>Leominster, MA 01453-3588 |
| Frank Gorman<br>18 Schiripo Way<br>Dracut, MA 01826-2770 | Jonathan R. Goldsmith, Chapter 7 Trustee<br>of Frank J. Gorman<br>Goldsmith, Katz & Argenio, P.C.<br>1350 Main Street, Suite 1505<br>Springfield, MA 01103-1664 | Keith Michael Gorman<br>820 Methuen Street<br>Dracut, MA 01826-5221 |
| Michael J. Fadden<br>2020 Lakeview Ave<br>Dracut, MA   01826-3275 | Nina M. Parker<br>Parker & Associates LLC,d/b/a Parker Law<br>8 Winchester Place, Suite 204<br>Winchester, MA 01890-2846 | Richard King<br>Office of US. Trustee<br>446 Main Street<br>14th Floor<br>Worcester, MA 01608-2361 |

Steven Weiss
Steven Weiss, Trustee
Shatz,Schwartz & Fentin
1441 Main Street
Suite 1100
Springfield, MA 01103-1450

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Caterpillar Financial Services Corp.
2120West End Avenue
Nashville, TN 37203

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)59 Newhall Street Realty Trust          (u)Joseph H. Baldiga, Chapter 7 Trustee of th          (u)Newport Construction Corporation

(u)Silva Bros. Investment, LLC             (d)Benson Lumber and Hardware, Inc.                    (u)Francis and Patricia Provencher
850 Chelmsford Street                      6 Martin Street
Lowell                                     Derry, NH 03038-2311

(d)Tim and Kathleen O'Shea                 End of Label Matrix
23 Chardonnay Road                         Mailable recipients    60
Pelham, NH 03076-3200                      Bypassed recipients     7
                                           Total                  67